UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-57-P-H |
| | ) | |
| ERICA GUESS, | ) | |
| DEFENDANT | ) | |

### DECISION AND ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OR REDUCTION OF SUPERVISED RELEASE

May a defendant, recently freed after completing her prison time under a crack cocaine sentence, immediately obtain a reduction of her *supervised release* time because she served more *prison* time than if the newly retroactive crack cocaine Guideline had been applied to her?  I conclude that the answer is no; I cannot reduce her supervised release until she has served at least one year of supervised release.  The defendant's motion for early termination (or reduction), therefore, is **DENIED**, without prejudice to its renewal after she has served one year of supervised release.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2006, the defendant, Erica Guess, pleaded guilty to distributing five grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1).  The statutory mandatory minimum penalties for that crime were five years in prison and four years of supervised release.  21 U.S.C. § 841(b)(1)(B).  Guess escaped those mandatory minimums by qualifying for the

safety valve, 18 U.S.C. § 3553(f). Under the Guidelines, her Total Offense Level ended up at 18 and her Criminal History at Category I. The Guidelines range was accordingly 27 to 33 months in prison and three to five years of supervised release. I reduced her prison time because the government moved for a downward departure under USSG § 5K1.1 for substantial assistance. But I did not reduce her period of supervised release for substantial assistance. I sentenced her on January 19, 2007, to eighteen months in prison and three years of supervised release. See Judgment (Docket Item 42).

The United States Sentencing Commission's amendment to the crack cocaine Guideline became retroactively effective March 3, 2008. USSG App. C, Amendment 706, 711; USSG § 1B1.10(c) (as amended Mar. 3, 2008). Guess was released from prison on January 18, 2008.[1] On March 5, 2008, her lawyer filed a motion under 18 U.S.C. § 3582(c)(2) requesting outright termination of her remaining term of supervised release, or reduction of the term to one year. See Motion for Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), at 4 (Docket Item 55) ("Mot. for Reduction").[2] Using the new crack cocaine Guideline calculations, Guess argues that she "overserved" her prison time by four months and that this time should somehow be translated into a reduction of supervised release time. See id. The government does not contest

---

[1] This is the date that the United States Probation Office, District of Maine, has recorded for when Guess began her term of supervised release.

[2] In a prior submission to this court, Guess referred to 18 U.S.C. §§ 3583(e)(1), (2) as alternative sources of authority to grant the requested reduction in her term of supervised release. See Def.'s Response to Order to Show Cause (Docket Item 50). As explained *infra*, 18 U.S.C. § 3583(e)(1) allows a reduction in a term of supervised release, but only after the defendant has served at least one year of supervised release. See United States v. Joseph, 109 F.3d 34, 39 (1st Cir. 1997). Guess has not yet served the required time to invoke § 3583(e)(1). 18 U.S.C. § 3583(e)(2) provides for the extension of a term of supervised release or the modification of the conditions of supervised release, neither of which Guess has requested.

Guess's calculations of her appropriate prison time under the new crack cocaine Guideline, but maintains that at this point I do not have authority to reduce her term of supervised release, because § 3582(c)(2) permits a reduction only in *prison* time. See Government's Response to Def.'s Motion for Reduction in Term of Imprisonment, at 3–12 (Docket Item 58).

## ANALYSIS

"Normally, there is no jurisdiction in a district court to resentence a criminal defendant on the counts of conviction, except in very limited circumstances where permitted by statute . . . ." United States v. Jordan, 162 F.3d 1, 2 (1st Cir. 1998). But 18 U.S.C. § 3582(c)(2) permits resentencing in the following circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, *the court may reduce the term of imprisonment*, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). This is the statute upon which Guess relies. There is no dispute that Guess was originally sentenced based on a sentencing range subsequently lowered retroactively by the Commission's recent crack cocaine Guideline amendment. The statute, however, permits a reduction only in a "term of imprisonment." Since Guess has already served her entire term of imprisonment, her time in prison cannot be reduced. She argues, however, that the statutory phrase "term of imprisonment" should encompass "supervised release" and that I should reduce the latter instead.

3

A court "must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–43 (1984). Here, there is no ambiguity. The phrase "term of imprisonment" cannot reasonably be read to include a "term of supervised release." It is true that the statute does not provide an exact definition of "term of imprisonment." The statute does, however, clearly distinguish a term of imprisonment from a term of supervised release. Compare 18 U.S.C. §§ 3581 & 3582 ("Sentence of Imprisonment" & "Imposition of a Sentence of Imprisonment") with 18 U.S.C. § 3583 ("Inclusion of a Term of Supervised Release After Imprisonment").

A term of supervised release follows a term of imprisonment, and each is a separate component of the overall "sentence" (along with restitution where applicable and a monetary assessment):

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . .

Id. § 3583(a). The First Circuit has recognized this independent nature of supervised release:

> [A] defendant's felony conviction typically authorizes the sentencing court to impose several different forms of punishment. These normally include either some period of incarceration, or a fine, or both, and a special monetary assessment under 18 U.S.C. § 3013. In addition, the conviction authorizes the court to 'include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment.' Id. § 3583(a).
>
> The reference to supervised release as being 'part of the sentence' does not mean that a federal criminal sentence

4

> must be aggregated for all purposes. It merely means that the sentence contains distinct aspects. These include the incarcerative term imposed for the crime of conviction (derived from the statute delineating the penalties applicable to that particular offense) and the supervised release term applicable thereto (derived from section 3583). *The supervised release period is an independent element of the sentence.*

United States v. Work, 409 F.3d 484, 489 (1st Cir. 2005) (emphasis added); see also United States v. West, 898 F.2d 1493, 1504 (11th Cir. 1990) ("Congress intended a defendant's term of supervised release to be 'a separate part' of, or in addition to, his term of imprisonment.").[3]

The distinction between supervised release and imprisonment arises from their different statutory purposes. See United States v. Joseph, 109 F.3d 34, 38 (1st Cir. 1997) ("imprisonment and supervised release are designed to serve very different purposes"). The SRA eliminated parole, by which the Parole Commission generally reduced the prison time the judge imposed. See Johnson v. United States, 529 U.S. 694, 696 (2000). In its place, the SRA created supervised release, which is a period in addition to the judge-imposed prison time. The goal was to increase transparency in sentencing ("honesty in sentencing") and to eliminate the problems of indeterminate sentencing (*i.e.*, unpredictability of how much time would be served) under the old regime. See id. at 696–97; Kate Stith & José A. Cabranes, Fear of Judging 40, 114 (1998); Barbara M. Vincent, Supervised Release: Looking for a Place in a Determinate

---

[3] The legislative history of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1999 (the "SRA"), which created supervised release, explains that "[t]he term of supervised release would be *a separate part* of the defendant's sentence, rather than being the end of the term of imprisonment." S. Rep. No. 98-225, at 123 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3306 (emphasis added).

5

Sentencing System, 6 Fed. Sen'g Rep. 187, 187 (1994) (because of the parole system, "the imposition of a sentence to imprisonment did not, in itself, determine the amount of time an offender would serve in prison"). To further instill "honesty in sentencing," the SRA divided the part of the sentence allocated for punishment and incapacitation—imprisonment—from the part needed for rehabilitation and reintegration into society—supervised release. See Johnson, 529 U.S. at 708–09; Joseph, 109 F.3d at 38–39 ("Rather than being punitive, supervised release is intended to facilitate 'the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct.'") (quoting USSG Ch. 7, Pt.A, comment. (n.4)); Stith & Cabranes at 40.[4]  Given their different functions and purposes, imprisonment and supervised release cannot be freely conflated.

Guess argues that the phrase "term of imprisonment" in § 3582(c)(2) includes supervised release because in "virtually every forum in which the question has been considered, courts have determined that the supervised release itself, and any period of imprisonment that flows from a violation of supervised release, is part of the original sentence." Mot. for Reduction at 5. Guess is correct that supervised release is a part of the original sentence. But § 3582(c)(2) does not authorize a reduction in the "original sentence"; it permits

---

[4] The Senate Report accompanying the SRA explains:
> [T]he sentencing purposes of incapacitation and punishment would not be served by a term of supervised release. . . . [T]he primary goal of such a term is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release.

S. Rep. No. 98-225, at 124, 1984 U.S.C.C.A.N. at 3307.

only a reduction in the "term of imprisonment."  The cases that Guess cites do not support her contention that supervised release is part of the "term of imprisonment."  In <u>United States v. Smith</u>, 500 F.3d 27 (1st Cir. 2007), for example, the First Circuit held that prison time under 18 U.S.C. § 3146 for failure to appear for a supervised release revocation hearing is tied to the underlying offense that originally gave rise to the supervised release.  But that is a separate issue concerning the length of *prison* time, not supervised release time.  The other First Circuit case cited by Guess, <u>United v. McInnis</u>, 429 F.3d 1 (1st Cir. 2005), also addressed only the possible term of *prison* time for violation of supervised release.  Likewise, a Ninth Circuit case that Guess cites, <u>United States v. Etherton</u>, 101 F.3d 80 (9th Cir. 1996), was a case in which a court reduced a term of *imprisonment* for violation of supervised release based on a retroactive Guidelines change to the sentence for the underlying offense.  <u>Etherton</u> did not reduce the term of supervised release. <u>Etherton</u> does say: "[W]e interpret the statute's directive that 'the court may reduce the term of imprisonment' as extending to the entirety of the original sentence, including terms of imprisonment imposed upon revocation of supervised release."  101 F.3d at 81.  But the language "entirety of the original sentence" is clearly in connection with reducing *prison* time, not supervised release time.[5]

---

[5] To support her argument that supervised release is part of the "term of imprisonment," Guess points to one sentence in USSG Ch. 7, Pt. A2(b), which states: "A term of supervised release may be imposed by the court as a part of the sentence of imprisonment at the time of initial sentencing."  Mot. for Reduction at 5.  The immediately following sentence in the Guidelines, however, clearly separates supervised release from imprisonment: "Unlike parole, a term of supervised release does not replace a portion of the sentence of imprisonment, but rather is an order of supervision in addition to any term of imprisonment imposed by the court."  USSG Ch. 7, Pt. A(b).  In light of the authorities cited *supra* that clearly state that supervised release is a
*(continued on next page)*

Moreover, the length of supervised released is not dependent on the term of imprisonment. See 18 U.S.C. § 3583(b); USSG § 5D1.2.[6] Thus, a reduction in the term of imprisonment does not logically lead, under the statute or the Guidelines, to a corresponding reduction in the term of supervised release.[7]

Instead, Congress provided a separate framework for considering post-sentencing reductions in the length of supervised release:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—(1) terminate a term of supervised release and discharge the defendant released *at any time after the expiration of one year of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

---

separate, independent element of the sentence, I conclude that the single sentence cited by Guess is an inadvertent and imprecise use of language that should be accorded little or no weight on this issue.

[6] See United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005) ("Though supervised release is part of the penalty for the initial offense, the imposition of supervised release and the sanctions for violation are authorized by a statute and Guidelines scheme that is separate from the regime that governs incarceration for the original offense . . . .") (internal citations and quotation marks omitted); Work, 409 F.3d at 489–90 (the length of supervised release "is not carved out of the maximum permissible time allotted for incarceration under some other criminal statute"); 3 Charles A. Wright et al., Federal Practice and Procedure § 536.1 (2004) ("While the length of the term for parole depends upon the original prison term, the length of supervised release depends upon the defendant's need for supervision after release from imprisonment.").

There is an indirect relationship between the maximum authorized term of imprisonment and supervised release, inasmuch as the terms for supervised release in § 3583 are assigned by criminal class, and a crime's particular class is determined by the maximum term of imprisonment. But this indirect link is insufficient to support any claim that Congress intended to include supervised release when it used the phrase "term of imprisonment" in § 3582(c)(2).

[7] Notably, the retroactive crack cocaine Guideline amendment that prompted these proceedings only reduces the recommended *prison* time for crack cocaine offenses; it does not affect the recommended term of supervised release in the Guidelines. Because the crack cocaine amendment does not impact the Guidelines provision governing supervised release, my decision not to grant a downward departure in regard to the term of supervised release during the initial sentencing (for either the § 5K1.1 motion or any of the grounds listed in § 5D1.1, comment. (n.1)) may not be revisited in a § 3582(c)(2) proceeding. See USSG § 1B1.10(b)(1) ("the court shall substitute only [the covered amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected").

8

18 U.S.C. § 3583(e)(1) (emphasis added). The reason is obvious: Congress wanted the supervising probation officer and the sentencing judge to have a basis to determine how well the defendant could function outside of prison before removing all supervision. See Joseph, 109 F.3d at 39 (stating that § 3583(e)(1) "strongly implies Congress's judgment that the proper reintegration of formerly incarcerated offenders into the community requires, at the very least, one year of supervised release"). But Guess has not yet served that one-year supervised release requirement so as to furnish a basis for such a conclusion. Once she has, the Commission does not prohibit consideration of the fact that she served a longer term of imprisonment than the Commission currently deems appropriate for her crack cocaine crime (although it has made clear that that fact alone will not be sufficient to reduce her term of supervised release). Specifically, in the commentary to its policy statements governing how to apply retroactive amendments, the Commission states:

> Supervised Release.—
>
>  . . . .
>
> (B) Modification Relating to Early Termination.—If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), *the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1)* [the provision allowing for early termination but only after one year of supervised release has been served]. *However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release.*

9

> Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

USSG § 1B1.10, comment. (n.4) (emphasis added).

Given the statutory distinction between imprisonment and supervised release, the different purposes of each in the sentencing regime, and the separate methods for calculating the length of each, I conclude that Congress's use of the phrase "term of imprisonment," rather than the term "sentence," to describe what a judge can reduce under § 3582(c)(2) is a deliberate choice that precludes reducing a term of supervised release under that provision.

## CONCLUSION

As a result, the defendant's motion for a reduction in her term of supervised release is **DENIED,** but without prejudice to its renewal at a future date no less than one year from the beginning of her supervised release term.

**SO ORDERED.**

**DATED THIS 4TH DAY OF APRIL, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**